OPINION OF THE COURT
Jones, J.
We conclude that plaintiff’s contention that the board of directors’ reduction of the exercise price of outstanding stock options was improper cannot be resolved on defendants’ present motions for summary judgment.
On the recommendation of the Board of Directors of The Babcock & Wilcox Company, a stock option plan was approved at the annual meeting of shareholders held on April 26, 1972. The objective of the plan was to authorize the board to grant eligible employees options to purchase shares of company stock. For present purposes the significant provision of the plan was the following: "(a) Option Price. The option price per share with respect to each option shall be determined by the Board of Directors but shall not be less than 100% of the fair market value of the Common Stock on the date the option is granted, as determined by the Board of Directors. Nothing herein contained shall, however, be deemed to prevent the Board from authorizing amendments of outstanding options including without limitation the reduction of the option prices specified therein * * * so long as the provisions of any amended option would have been permissible under the Plan if such option had been originally granted as of the date of such amendment with such amended terms.” In February, 1973 the corporation acquired 500,000 shares of its own common stock at a price of $24.267 for the purpose of meeting option calls. Pursuant to the plan, in December, 1972, January, 1973 and April, 1974 the board of directors granted options for 238,900 shares of the corporate stock at exercise prices of $23.75 — $26.625, the then market prices of the stock.
Paralleling the decline in stock market prices generally, the corporate stock dropped sharply to a low of 11% on October 3, 1974. At the October 31, 1974 meeting of the board, the *121 directors reduced the exercise price of the outstanding options to the then market price of $13.625.
Appellant alleges two causes of action: first, that in reducing the exercise price of the outstanding options the directors failed to exercise due care and diligence in conducting the corporate affairs and wasted corporate assets, thereby breaching their fiduciary responsibilities to the corporation and its shareholders; second, that, because such reduction indisputably resulted in a material increase in the cost of the plan to the corporation, under applicable New Jersey law shareholder approval was required for the reduction, and concededly no such approval was obtained. We address these two causes of action in reverse order.
Plaintiff predicates her second cause of action on the provisions of a statute of the State of New Jersey, the State in which the corporation was organized: "Unless otherwise provided in the plan, the board may amend * * * any plan * * * provided that (a) any amendment made by the board to a plan which was approved by the shareholders * * * shall be submitted to the shareholders for approval, unless the board shall have determined that such amendment will not result in a material increase in the cost of the plan to the corporation”. (NJSA 14A:8-4.) Appellant’s argument based on this statute fails to recognize the difference between an amendment of the plan on the one hand and the amendment of outstanding stock options pursuant to express provision of the plan on the other. The statutory constraint is addressed only to the former. In this instance there was no amendment of the plan. By critical contrast the reduction in exercise price was made precisely in conformity with the express provisions of the original plan; in approving the adoption of the plan in 1972, the shareholders had expressly authorized the directors to amend outstanding stock options by the reduction of the option prices specified therein, provided that the options as so amended would have been permissible if originally granted as of the date of the amendment — that is to say, as applied to this case, if the reduced exercise price was no less than 100% of the fair market value of the stock at the time of the amendment. There is no showing or even contention that the reduction of October 31, 1974 did not meet this requirement. We therefore agree with the Appellate Division that defendants’ motion for summary judgment dismissing the second cause of action should have been granted.
*122 The situation with reference to the first cause of action is otherwise. If it be assumed that the October 31, 1974 reduction in exercise price was legally authorized by the terms of the plan and not proscribed by statute, the question remains whether the particular exercise of the conceded authority in the circumstances disclosed in this record was proper. Normally we would look in the affidavit in opposition to the motion for summary judgment for a tender of evidentiary proof, based on personal knowledge, to support the conclusory allegations in the complaint of failure to exercise due care and diligence and of breach of fiduciary responsibility sufficient to require a trial of an issue or issues of fact; the absence of such tender would dictate that the motion be granted. That the affidavit in this instance does not contain such tender, however, does not mandate that defendants’ motion for summary judgment should be granted in the setting of this case. The factual circumstances surrounding the action of the board of directors on October 31, 1974 are peculiarly within the knowledge of defendants. As set forth in the affidavit in opposition to the motion, plaintiff has not yet had the advantage of pretrial discovery. On the record now before us it cannot be determined that there are no issues of material fact with respect to the propriety of the directors’ action on October 31,1974. The matter is not concluded by the tender of uncontested proof that the action was taken on advice of legal counsel. That advice related to the existence of legal authority, but would not establish the propriety of its exercise. It remains to develop the material facts with respect to the economic justification for the reduction in exercise price at the time when the action was taken. This will depend, inter alia, on an evaluation (under applicable New Jersey law) of the directors’ decision from the standpoint of the interests of the corporation and its shareholders, in light of the financial and market situation which confronted the directors at the time of their decision, with due recognition of the scope of discretion vested in a corporate board. Pertinent, of course, would be the interests of the employees for whose benefit the stock option plan was established, especially as those interests relate to the corporation. On the present state of the record, the motion for summary judgment dismissing the first cause of action should therefore be denied, without prejudice to the right of defendants, if they be so advised, to renew the motion after plaintiff has been afforded reasonable opportunity for pretrial discovery (CPLR 3212, subd [f]).
*123 Accordingly, the order of the Appellate Division should be modified, with costs to abide the event, by' reinstating the order of Special Term to the extent that it denied defendants’ motion for summary judgment dismissing the first cause of action, and, as so modified, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler and Cooke concur; Judge Fuchsberg taking no part.
Order modified in accordance with the opinion herein, with costs to abide the event, and, as so modified, affirmed.